UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

AGCS MARINE INSURANCE COMPANY,
as subrogee of PriceSmart, Inc.,

    Plaintiff,

vs.

SEABOARD MARINE LTD., INC.

    Defendant.
_____/

## COMPLAINT

The Plaintiff, AGCS MARINE INSURANCE COMPANY as subrogee of PriceSmart, Inc. (hereinafter "AGCS"), by and through its undersigned counsel, hereby sues the Defendant, SEABOARD MARINE LTD., INC. (hereinafter "SEABOARD"), as follows:

1. This action arises out of the theft of two containers of cargo during their inland transport by SEABOARD and/or its agent to the Port of Veracruz, Mexico.

2. This case is within this Court's admiralty and maritime jurisdiction arising under 28 U.S.C. §1333. The Complaint herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

3. Venue is proper in the United States District Court for the Southern District of Florida as a result of; (a) the forum selection clause in the SEABOARD bill of lading; (b) the forum selection clause in the Service Agreement entered into between PriceSmart and SEABOARD, (c) SEABOARD is present and conducting business in the District; and, (d) SEABOARD's terminal is in the District.

4. All conditions precedent to bringing this action have been met.

5. AGCS was the insurer of the goods at issue herein and brings this action as a subrogated insurer, having paid an insurance claim in the amount of $178,609.96 to PriceSmart for loss of the goods, and in said capacity, is entitled to maintain this action.

6. SEABOARD is a common carrier of goods by water, operating in the Port of Miami and at all times relevant hereto the carrier of the goods at issue.

7. On September 1, 2011 PriceSmart, Inc. and SEABOARD entered into a Service Agreement for the performance of ocean carriage or cargo and related services for PriceSmart and its affiliates.

8. On or about September 6, 2011, the goods were being transported by SEABOARD and/or its agent pursuant to two SEABOARD Bills of Lading, one transporting 21 pallets of food items from Cuautitlan Izcalli, Mexico to the Port of Veracruz, where it was being shipped to Cristobal, Panama; and a second container containing 51 pallets of home appliances and electronics being shipped from Cuautitlan Izcalli, Mexico to the Port of Veracruz, for shipment to Barranquilla, Colombia. Copies of the SEABOARD Bills of Lading are attached hereto as Exhibit "A".

9. Both containers were stolen during the course of their inland transport by SEABOARD and/or its agent to the Port of Veracruz, Mexico.

10. Pursuant to the Service Agreement entered into between SEABOARD and PriceSmart, Inc., the "carrier shall exercise the reasonable care of a prudent carrier in its selection of Third Party Service Providers, and in its selection of the means, routes and procedures to be followed in the handling, transportation, clearance and delivery of PSMT's goods."

11. The Service Agreement also provides that the "carrier commits to working with PSMT to enhance the security of the supply chain by focusing on the physical security, procedural

security, access controls, and continuing education of personnel, facilities and third-party service providers involved in the supply chain, including but not limited to drayage carriers and truckers."

12. SEABOARD's Bill of Lading Terms and Conditions mandate application of the Carriage of Goods by Sea Act (COGSA) except in those instances where the carriage is to or from a port or locality where there is in force "a compulsory applicable ordinance or statute similar in nature to the International Convention for the Unification of Certain Rules Relating to Bills of Lading."

13. AGCS paid the sum of $178,609.96 to PriceSmart in full settlement of its claim under the policy of insurance for the theft of the two containers. As a result, AGCS is subrogated to the rights of the assured and shipper of the subject containers.

## COUNT I
## BREACH OF CONTRACT OF CARRIAGE

Plaintiff re-alleges paragraphs 1 through 13 as set forth above and further allege:

14. SEABOARD breached the contract of carriage by failing to deliver the cargo in the same good order and condition as when received by SEABOARD. The loss occurred while the cargo was in the charge of the carrier SEABOARD and was the result of SEABOARD and/or its agent's failure to exercise due diligence in the care and custody of the cargo, unreasonable deviation from the contract of carriage, failure to properly carry, keep, care for, discharge, store and deliver the cargo to the consignee. Plaintiff has been damaged as a result thereof.

## COUNT II
## BAILMENT

Plaintiff re-allege paragraphs 1 through 13 as set forth above and further allege:

15. SEABOARD accepted the cargo and agreed to deliver the cargo to the consignees and/or the consignees' agent in the same good order and condition as when received by

CASE NO.:

Page 4

SEABOARD.

16	SEABOARD thereby became the bailee for hire of the cargo and had a duty as bailee to deliver the cargo in the same good order and condition as when received.

17.	SEABOARD breached that duty by failing to exercise ordinary diligence and reasonable care, negligently failing to deliver the cargo in the same good order and condition as received, negligently failing to exercise reasonable care in its selection of third-party service providers, and in its selection of the names, routes, and procedures to be followed and the handling, transportation, clearance and delivery of PriceSmart's goods.

18	SEABOARD failed to deliver the bailed cargo in the same good order and condition as when received and Plaintiff has been damaged as a result thereof.

WHEREFORE, the Plaintiff, AGCS INSURANCE COMPANY, demands judgment against the Defendant, SEABOARD, in the sum of $178,609.96, plus pre-judgment interest, costs and expenses and such other relief as this Court may deem just and proper.

Dated:	August 23, 2010
	Miami, Florida

Respectfully submitted,

*/s/ Daniel S. Marcotte*
**Jonathan W. Skipp**
Florida Bar No. 710570
jskipp@admiral-law.com
**Daniel S. Marcotte**
Florida Bar No. 52314
dmarcotte@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Datran Building, Suite 1104
9100 S. Dadeland Blvd.
Miami, FL 33156
Telephone: (305) 670-2525
Telefax: (305) 670-2526
Attorneys for Plaintiff